UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARROLL SMITH, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) No. 04 C 6875 |
| Plaintiffs, | ) ) |
| v. | ) Honorable Charles R. Norgle ) |
| AON CORPORATION, et al., | ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the court is Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint, brought pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). For the following reasons, the Motion is denied.

**I. INTRODUCTION**

**A. Facts**

Plaintiffs are former employees of Defendant Aon Corporation ("Aon") or one of Aon's subsidiaries. Aon is a Delaware Corporation with its principle place of business in Chicago, Illinois. Aon, itself and through its various subsidiaries, serves its clients in the following ways: (1) Risk Services, in which Aon acts as a risk advisor and insurance broker, (2) Consulting, in which Aon advises clients in various aspects of business operations, and (3) Insurance Underwriting, in which Aon provides various specialty insurance products. As an insurance broker, Aon purports to assess its clients' insurance needs, and locate the best available insurance

1

coverage for its clients. Plaintiffs allege, however, that Aon routinely placed its own interests above that of its clients, and engaged in business practices that were both improper and unlawful. Other Defendants include members of Aon's Administrative Committee, members of Aon's Investment Committee, members of Aon's Board of Directors, Aon's former Chief Executive Officer and current Executive Chairman Patrick G. Ryan ("Ryan"), unnamed managers of Aon, and certain "Unknown Fiduciaries."

Plaintiffs participated in Aon's 401(k) Savings Plan (the "Plan"), which was designed to enable Aon's employees to obtain financial security for their retirement. The Plan was an "employee pension benefit plan," as defined by sections 3(2)(A) and 3(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1002(2)(A) and 1002(3). The Plan also purported to be an Employee Stock Ownership Plan ("ESOP"). An ESOP is an ERISA plan that invests primarily in "qualifying employer securities." 29 U.S.C. § 1107(d)(6)(A). The Plan had two separate components: contributions made by Plan participants, and matching contributions made by Aon. Through both Plan participant contributions and Aon's matching contributions (which were frequently made in the form of Aon stock), Plan participants accumulated significant amounts of Aon stock. In fact, Plaintiffs allege, more than 40% of the Plan's assets were invested in Aon during the relevant time period.

Plaintiffs further allege that, during the time period relevant to this case, Aon engaged in business practices harmful to both its clients, and ultimately to Plan participants. These alleged schemes can be described as "contingent commissions," "client steering," and "clawback arrangements." As an insurance broker, Aon's clients relied upon Aon to obtain the best policies for their insurance needs. However, Plaintiffs allege, Aon required the insurance companies with

which it did business to pay fees (contingent commissions) in exchange for increasing the volume or profitability of insurance policies Aon placed with its policyholder clients. These contingent commissions, Plaintiffs allege, were in reality no more than kickbacks paid by insurers to assure that Aon would place their policies with its clients. In order to encourage the continued payments of these kickbacks, Plaintiffs allege, Aon steered its clients to purchase insurance from those insurers who would maximize payment of contingent commissions. Additionally, Plaintiffs allege, Aon inflated its revenues with clawbacks, whereby Aon provided discounts to insurers on the condition that Aon would recover these discounts by convincing its clients to purchase insurance from those insurers. Aon's clients, Plaintiffs allege, were never informed of the obvious conflicts of interest generated by these practices.

On March 3, 2004, the Attorney General for the State of New York, Elliot Spitzer ("Spitzer"), filed a complaint against Aon alleging Aon's involvement in numerous improper and unlawful business practices. The states of Illinois and Connecticut also initiated similar actions against Aon. Then, on October 14, 2004, Spitzer filed suit against Marsh & McLennan Companies, Inc., Aon's primary insurance brokerage competitor. This suit was accompanied by a press release condemning the apparent industry-wide practices of contingent commissions and steering. That same day, Aon publicly admitted that it had participated in these practices. The WALL STREET JOURNAL quickly picked up on these developments, and reported Spitzer's ongoing investigation of Aon. By October 19, 2004, Aon's stock price had fallen from $27.29 to $18.94, a drop of more than 30%. As a result of this drop in Aon's overvalued stock price, Plaintiffs allege, the Plan and Plan beneficiaries lost tens of millions of dollars.

On March 4, 2005, Aon announced that it had settled the regulatory investigations

initiated by New York, Illinois, and Connecticut. This settlement included, *inter alia*, a $190 million payment to Aon's policyholder clients, prohibitions against contingent commissions and other improper business practices, a set of mandated disclosures Aon would make to its clients in the future, and a promise by Aon to cooperate with the State Attorneys General in any related investigations or proceedings. In connection with this settlement, Ryan issued a statement acknowledging that "Aon and other insurance brokers and consultants entered into contingent commission agreements and other arrangements that created conflicts of interest. I deeply regret that we took advantage of those conflicts."

## B. Procedural History

Plaintiffs filed their initial Complaint in this case on October 26, 2004. The case was reassigned to this court on November 29, 2004. The court granted Plaintiffs' Motion to Consolidate related cases, and Appointed Interim Class Counsel on May 3, 2005. On August 22, 2005, Interim Class Counsel filed the Consolidated Amended Class Action Complaint (the "Complaint"), alleging that Defendants violated their fiduciary duties to Plan participants and beneficiaries under ERISA. On October 11, 2005, Defendants filed their Motion to Dismiss the Consolidated Class Action Complaint. The Motion to Dismiss is fully briefed and before the court.[1]

---

[1] The court notes that it presently has before it the companion case of David I. Roth, et al., v. Aon, et al., No. 04 C 6835, in which Plaintiffs allege that Aon violated federal securities laws. On March 2, 2006, the court entered an Amended Opinion and Order denying Defendants' Motion to Dismiss.

4

## II. DISCUSSION

### A. Standard of Review

In deciding a Rule 12(b)(6) motion, all well-pleaded facts are accepted as true, and all reasonable inferences are drawn in favor of the plaintiff. See, e.g., Jackson v. E.J. Brach Corp., 176 F.3d 971, 977-78 (7th Cir. 1999). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims . . . Rule 12(b)(6) should be employed only when the complaint does not present a legal claim." Smith v. Cash Store Mgmt., Inc., 195 F.3d 325, 327 (7th Cir. 1999); see Leatherman v. Tarrant County, 507 U.S. 163, 168 (1993) (the Federal Rules of Civil Procedure allow for a liberal system of notice pleading); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (a complaint must only include "fair notice of what the plaintiff's claim is and the grounds upon which it rests").

> [P]leadings in federal court need not allege facts corresponding to each element of a statute. It is enough to state a claim for relief - and Fed. R. Civ. P. 8 departs from the old code-pleading practice by enabling plaintiffs to dispense with the need to identify, and plead specifically to, each ingredient of a sound legal theory. . . Plaintiffs need not plead facts; they need not plead law; they plead claims for relief. Usually they need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of.

Doe v. Smith, 429 F.3d 706, 708 (7th Cir. 2005).

When reviewing a motion to dismiss under Rule 12(b)(6), a court therefore merely looks to the sufficiency of the complaint. Autry v. Northwestern Premium Servs., Inc., 144 F.3d 1037, 1039 (7th Cir. 1998). In examining a motion to dismiss, a court should "accept all well-plead allegations in the complaint as true," Flannery v. Recording Indus. Ass'n of Am., 354 F.3d 632, 637 (7th Cir. 2004), and view "plaintiff's factual allegations and any inferences reasonably drawn therefrom in a light most favorable to the plaintiff." Yasak v. Ret. Bd. of the Policemen's

5

Annuity Fund, 357 F.3d 677, 678 (7th Cir. 2004). Dismissal under Rule 12(b)(6) is proper when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Weizeorick v. Abnamro Mortgage Group, Inc., 337 F.3d 827, 830 (7th Cir. 2003). Put another way, "[d]ismissal under Rule 12(b)(6) is only appropriate when there is no possible interpretation of the complaint under which it can state a claim." Flannery, 354 F.3d at 637.

Federal Rule of Civil Procedure 9(b) provides, in part, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." This Rule assures that Plaintiffs alleging fraud will undertake a "precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." Ackerman v. Northwestern Mut. Life Ins. Co., 172 F.3d 467, 468 (7th Cir. 1999). Allegations of fraud must therefore include "the who, what, where, and when of the alleged fraud . . . ." Id.; see also DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990).

## B. Defendants' Motion to Dismiss

### 1. Overview of the Complaint

Plaintiffs bring this action pursuant to section 502 of ERISA, 29 U.S.C. § 1132. Plaintiffs allege that Defendants are liable for various breaches of fiduciary obligations imposed by ERISA, and owed to all Plan participants and beneficiaries. Defendants' breaches of fiduciary duties, which allegedly resulted in the loss of tens of millions of dollars to the Plan, include, *inter alia*, overconcentrating the Plan's purchases and holdings in Aon's overvalued stock, imprudently permitting the Plan to purchase and hold Aon's overvalued stock while Aon engaged in improper business practices, providing matching contributions in Aon's overvalued

stock, failing to provide Plan participants with complete and accurate information regarding the risk of investing in the Plan, and failing to properly monitor the Plan and its fiduciaries.

Count I of the Complaint alleges a breach of the fiduciary duty of care and prudence, pursuant to ERISA section 404(a)(1)(B). Count II alleges a breach of the fiduciary duty to provide complete and accurate information to Plan participants, pursuant to ERISA section 404(a)(1)(A) and (B). Count III alleges a breach of the fiduciary duty to monitor, pursuant to ERISA section 404(a)(1)(A) and (B). Count IV alleges breach of the fiduciary duty of loyalty, pursuant to ERISA section 404(a)(1)(A). Count V alleges co-fiduciary liability, pursuant to ERISA section 405(a). Finally, Count VI alleges that Aon knowingly participated in a breach of fiduciary duty. Plaintiffs seek as a remedy, *inter alia*, an order compelling Defendants to make good to the Plan all losses suffered by the Plan due to Defendants' breaches of fiduciary duty, an order enjoining Defendants from any further violations of their ERISA fiduciary obligations, and an award of actual damages in the amount of losses sustained by the Plan due to Defendants' wrongful conduct.

## *2. Breach of fiduciary duty under ERISA*

It is established law that "[a] person is a fiduciary with respect to an ERISA plan, 'to the extent [] he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets.'" Baker v. Kingsley, 387 F.3d 649, 660 (7th Cir. 2004) (quoting 29 U.S.C. § 1002(21)(A)); see also Kamler v. H/N Telcom. Servs., 305 F.3d 672, 681 (7th Cir. 2002). Under ERISA, fiduciaries may be specifically identified in the benefit plan, or appointed as fiduciaries under procedures outlined in the plan. ERISA section 402(a)(2); 29 U.S.C. § 1102(a)(2).

Persons not named or appointed may be also fiduciaries if they effectively function as fiduciaries. ERISA section 3(21)(A); 29 U.S.C. § 1002(21)(A). In other words, "under ERISA, a person or entity may be deemed a fiduciary either by assumption of the fiduciary obligations . . . or by express designation by the ERISA plan documents." In re Enron Corp. Securities, Derivative & ERISA Litigation, 284 F. Supp. 2d 511, 543 (S.D. Tex. 2003). At the motion to dismiss stage of this sort of litigation, "[i]t is typically premature to determine a defendant's fiduciary status . . . [C]ourts will typically have insufficient facts at [this] stage from which to make the law/fact analysis necessary to determine functional or named fiduciary status." In re Elec. Data Sys. Corp. ERISA Litigation, 305 F. Supp. 2d 658, 665 (E.D. Tex. 2004). "Moreover, 'fiduciary status under ERISA is to be construed liberally, consistent with ERISA's policies and objectives.'" Id. (quoting Enron, 284 F. Supp. 2d at 544).

It is also established law that ERISA imposes certain duties on fiduciaries of qualified employee benefit plans.

> An ERISA fiduciary (i.e. one who is entrusted with plan assets) owes duties of loyalty and care to the plan. He or she must 'discharge his [or her] duties with respect to [the] plan solely in the interest of the participants and beneficiaries.' Additionally, an ERISA fiduciary is obligated to act 'with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

Mira v. Nuclear Measurements Corp., 107 F.3d 466, 471 (7th Cir. 1997) (quoting 29 U.S.C. §1104(a)(1)). In order to successfully state a claim for breach of fiduciary duty under ERISA, "the plaintiff must establish: (1) that the defendants are plan fiduciaries; (2) that the defendants breached their fiduciary duties; and (3) that the breach caused harm to the plaintiff." Brosted v. Unum Life Ins.Co. of Am., 421 F.3d 459, 465 (7th Cir. 2005); see also Herdrich v. Pegram, 154

8

F.3d 362, 369 (7th Cir. 1998), *rev'd on other grounds*, 530 U.S. 211 (2000).

Plaintiffs make the following allegations regarding Defendants' fiduciary status. Plaintiffs allege that Aon is named in the Plan as a "Plan Sponsor," appointed its own officers and employees to oversee and administer the Plan, and controlled its officers and employees' Plan-related activities. Plaintiffs allege that the Director Defendants authorized the creation of the Plan, appointed and removed Plan fiduciaries, and approved investment options offered by the Plan. Plaintiffs allege that the Officer/Trustee Defendants had discretionary control and authority over Plan management and administration, and disposition of Plan assets. Plaintiffs allege that the Administrative Committee was designated by Aon as Plan administrator, and was a named fiduciary of the Plan. Finally, Plaintiffs allege that Investment Committee Defendants were responsible for selecting the Plan's investment options, the monitoring of these investments, and the management of Plan assets. Without making any ultimate findings as to whether Defendants are fiduciaries, the court determines that these allegations are sufficient to properly plead Defendants' fiduciary status at this stage of the litigation. See Baker, 387 F.3d at 660 (an individual or entity is a plan fiduciary if it has discretionary authority over plan management).

The court also determines that Plaintiffs have adequately pled Defendants' breach of their fiduciary duties. Count I adequately pleads Defendants' breach of the fiduciary duties of care and prudence. See Mira 107 F.3d at 741 (quoting 29 U.S.C. § 1104(a)(1)). Plaintiffs allege in this Count that Defendants violated these duties by (1) offering Aon stock as an investment option, making matching contributions in Aon stock, and purchasing Aon stock while Aon was involved in the above described improper business practices, (2) failing to monitor the Plan's

investment in Aon stock, (3) restricting Plan participants' ability to diversify out of Aon stock, and (4) failing to communicate material information regarding Aon's conduct to Plan participants. These allegations properly plead a breach of fiduciary duty under the relaxed pleading standards of Rule 8(a). See Doe 429 F.3d at 708.

Defendants, however, assert that since the Plan is an ESOP, they are shielded from liability by a presumption that they have acted reasonably in acquiring and holding Aon stock. See Moench v. Robertson, 62 F.3d 553, 571 (3rd Cir. 1995) ("an ESOP fiduciary who invests [plan] assets in employer stock is entitled to a presumption that it acted consistently with ERISA by virtue of that decision."); see also Kuper v. Iovenko, 66 F.3d 1447, 1458 (6th Cir. 1995) ("as a general rule, ESOP fiduciaries cannot be held liable for failing to diversify investments."). Plaintiffs assert, in response, that because the Plan is not an ESOP, this presumption does not apply to Defendants. Whether or not the Plan is an ESOP, however, is not presently an issue for the court. See In re AEP ERISA Litigation, 327 F. Supp. 2d 812, 828 (S.D. Ohio 2004) ("it is neither necessary nor appropriate for the Court, at this juncture, to make a determination of whether the Plan or the Fund qualifies as an ESOP."). If the Plan is an ESOP, Defendants clearly are entitled to a presumption of reasonableness, but this presumption cannot protect Defendants at the motion to dismiss stage of this litigation. Plaintiffs' only burden at this stage is to put Defendants on notice of a viable claim for relief, and Plaintiffs have done so. See Elec. Data Sys., 305 F. Supp. 2d at 670 ("requiring Plaintiffs to affirmatively plead facts overcoming the ESOP presumption violates Rule 8(a)'s notice pleading requirements.").

Count II adequately pleads breach of the duty to provide complete and accurate information to Plan participants. In this Count, Plaintiffs allege that Defendants knew or should

have known that Aon was involved in bad business practices, yet led Plan participants to believe that Aon itself, and the Plan, were being prudently managed. These allegations are enough to plead a cause of action under Rule 8(a). See Swierkiewicz, 534 U.S. at 512. Defendants, however, assert (1) that any misstatements made regarding Aon's financial health were not made in a fiduciary capacity, and (2) that Plaintiffs must meet the heightened pleading standards of Rule 9(b). The court disagrees.

Defendants first argument relies on what may be referred to as the "two hat" rule. According to this rule, individuals or entities assume "'fiduciary status only when and to the extent that they function in their capacity as plan administrators, not when they conduct business that is not regulated by ERISA.'" Fletcher v. Kroger Co., 942 F.2d 1137, 1139 (7th Cir. 1991) (quoting Belade v. ITT Corp., 909 F.2d 736, 738 (2d Cir. 1990)). Defendants assert that any alleged misinformation regarding Aon's financial health was disseminated during analyst conference calls, in press releases or SEC filings, or on Aon's website. The release of this alleged misinformation, Defendants argue, was therefore a part of Aon's general business operations, and was not directly disseminated to Plan participants in any fiduciary capacity. District courts have rejected similar motions to dismiss where such misinformation was given directly to plan participants. See In re CMS Energy ERISA Litigation, 312 F. Supp. 2d 898, 915 (E.D. Mich. 2004) ("Those who are ERISA fiduciaries . . . cannot in violation of their fiduciary obligations disseminate false information to plan participants, including false information contained in SEC filings.") (quoting In re WorldCom, Inc. ERISA Litigation, 263 F. Supp. 2d 745, 765 (S.D. N.Y. 2003)). In this case, Plaintiffs allege that Defendants communicated directly with Plan participants by means of Summary Plan Descriptions, and that Defendants made

numerous misstatements and omissions to Plaintiffs regarding Aon's positive financial outlook and the sound future of Aon's stock. Defendants' "two hat" argument therefore fails. Plaintiffs have sufficiently alleged that Defendants breached their fiduciary duties by providing this information directly to Plaintiffs.

Defendants' second argument is that because the allegations in Count II sound in fraud, the allegations must satisfy the heightened pleading requirements of Rule 9(b). In the alternative, Defendants assert that these allegations fail to satisfy Rule 8(a). Although these allegations do contain characteristics of fraud or misrepresentation, "allegations similar to fraud do not implicate Rule 9(b) where 'the gravaman of [the] claim is grounded in ERISA.'" In re Polaroid ERISA Litigation, 362 F. Supp. 2d 461, 470 (S.D. N.Y. 2005) (quoting Rankin v. Rots, 278 F. Supp. 2d 853, 866 (E.D. Mich. 2003)); see also Elect. Data Sys., 305 F. Supp. 2d at 672. Rule 9(b) is therefore not implicated in this case. See Rankin, 278 F. Supp. 2d 866 ("The heightened pleading requirement under Rule 9(b) will not be imposed where the claim is for breach of fiduciary duty under ERISA. [The plaintiff's] ERISA claims . . . are not disguised fraud claims; they are ERISA claims."). Regardless of whether Rule 9(b) or 8(a) is implicated, however, the court finds that Plaintiffs' allegations in Count II survive the motion to dismiss. These allegations are more than sufficient to state a claim under Rule 8(a). See Doe 429 F.3d at 708. In addition, the allegations in Count II sufficiently provide the "who, what, where, and when" of the alleged misrepresentations, thereby satisfying Rule 9(b). See, e.g., Complaint, ¶¶ 239-242.[2]

---

[2] Judge Easterbrook reminds us that "District judges have many tools to require additional specificity: for example, Rule 12(e) permits the judge to call for a more definite statement, and still more detail may be essential when the time comes to make or oppose a motion for summary judgment. Complaints just launch the case." Hoskins v. Poelstra, 320 F.3d 761, 764 (7th Cir. 2003).

In Count III, Plaintiffs allege that the Director Defendants, who appointed the Investment Committee Defendants, the Administrative Committee Defendants, and the ESOP trustee, breached their fiduciary duty to monitor these appointees. These allegations sufficiently state a cause of action under ERISA section 404(a)(1)(A). See Leigh v. Engle, 727 F.2d 113, 135 (7th Cir. 1984) (appointing fiduciaries are "obligated to act with an appropriate prudence and reasonableness in overseeing" appointee fiduciaries.).

Count IV alleges breach of loyalty under this same section of ERISA. Plaintiffs allege that certain Defendants concealed Aon's bad business practices, and affirmatively endorsed growth estimates based upon the continuation of these unlawful activities, in order to boost Defendants' net worth, and to artificially inflate Aon's stock price. These actions, Plaintiffs allege, were in direct conflict with Defendants' fiduciary duty to the Plan and Plan participants. These allegations sufficiently identify a conflict of interest and divided loyalty on the part of Defendants, and are therefore sufficient to state a cause of action under ERISA. See Woods v. Southern Co., 396 F. Supp. 2d 1351, 1368 (N.D. Ga. 2005).

Count V alleges Defendants' co-fiduciary liability. Under ERISA section 405(a), 29 U.S.C. § 1105(a), "a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary" in certain circumstances. These circumstances include (1) a fiduciary's participation in, or concealment of, breaches of fiduciary duty by another fiduciary, (2) a fiduciary's enabling another fiduciary to commit a breach, or (3) a fiduciary's having knowledge of a breach by another fiduciary, and failing to take reasonable steps to remedy that breach. 29 U.S.C. § 1105(a)(1-3). Here, Plaintiffs allege that Defendants (1) knowingly participated in and concealed the fiduciary breaches of other fiduciaries, (2) enabled other

13

fiduciaries to breach their responsibilities, and (3) knew of other fiduciaries' breaches, but took no reasonable steps to remedy those breaches. The court has already determined that Plaintiffs have sufficiently alleged that Defendants breached their fiduciary duties. These allegations are therefore sufficient to state a cause of action for breach of co-fiduciary duties. See Howell v. Motorola, Inc., 337 F. Supp. 2d 1079, 1101 (N.D. Ill. 2004) ("As the court finds that Plaintiff has stated a claim against Motorola and the Director Defendants, it need not address Plaintiff's argument that these Defendants should be held liable as 'co-fiduciaries.'"); see also CMS Energy, 312 F. Supp. 2d at 910 ("Having declined to dismiss the fiduciary liability claims, the court will also decline to dismiss any of the co-fiduciary claims at this juncture.").

Count VI is pled in the alternative, and alleges that if the court finds Aon not to be a fiduciary or not to have acted in a fiduciary capacity, it may still be liable for its knowing participation in the other Defendants' breaches of fiduciary duty. In Harris Trust & Savings Bank v. Salomon Smith Barney Inc., the Supreme Court indicated "that [ERISA] § 502(a)(3) itself imposes certain duties, and therefore . . . liability under [§ 502(a)(3)] does not depend on whether ERISA's substantive provisions impose a specific duty on the party being sued." 530 U.S. 238, 244 (2000). Citing Harris, Judge Kennelly of the Northern District of Illinois wrote,

> [T]o plead a claim against a nonfiduciary under § 502(a)(3), the plaintiff need not allege that the nonfiduciary himself violated a substantive provision of ERISA. Rather, the plaintiff must allege only that a fiduciary violated a substantive provision of ERISA and the nonfiduciary knowingly participated in the conduct that constituted the violation.

Daniels v. Bursey, 313 F. Supp. 2d 790, 808 (N.D. Ill. 2004). Count VI of the Complaint adequately makes such an allegation.

The court therefore finds that Plaintiffs have successfully alleged that Defendants breached their fiduciary duties to Plan participants and beneficiaries. See Brosted, 421 F.3d at 465. The only remaining question is thus whether Plaintiffs have adequately pled that Defendants' alleged breach of fiduciary duties caused the Plaintiffs harm. Id. Defendants assert that Plaintiffs suffered no harm as a result of these alleged breaches, because Aon's stock has recovered from its precipitous drop. The court, however, will not engage in a fact-based analysis of the amount of damages at the motion to dismiss stage. See Homeyer v. Stanley Tulchin Assocs., 91 F.3d 959, 962 (7th Cir. 1996); see also AutoMed Techs., Inc. v. Eller, 160 F. Supp. 2d 915, 923 (N.D. Ill. 2001). Plaintiffs have alleged that the Plan suffered tens of million of dollars in damages as a result of Defendants' alleged breaches of fiduciary duty. This allegation sufficiently pleads that Defendants' actions caused the Plaintiffs harm.

## III. CONCLUSION

The court has determined that Plaintiffs have properly pled (1) Defendants' status as Plan fiduciaries, (2) Defendants' breach of their fiduciary duties to Plan participants and beneficiaries, and (3) that Defendants' breach of their fiduciary duties caused the Plaintiffs harm. See Brosted, 421 F.3d at 465. The court therefore finds that Plaintiffs have adequately pled a cause of action under ERISA for breach of fiduciary duty. Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint is denied.

IT IS SO ORDERED.

ENTER:

*Charles R. Norgle*

Charles R. Norgle, District Judge

Dated: April 12, 2006