

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARROLL SMITH, Individually and On Behalf of All Others Similarly Situated, ) ) ) | Lead Case No. 04 C 6875 |
| Plaintiffs, ) ) | |
| v. ) ) | Honorable Charles R. Norgle |
| AON CORPORATION, et al. ) ) | |
| Defendants. ) | |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the court is Plaintiffs' Motion for Class Certification and for Appointment of Class Representatives and Class Counsel, brought pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(2). Plaintiffs move the court for an Order (1) allowing this action to proceed as a class action, (2) certifying a Plaintiff Class, (3) designating twelve individual Plaintiffs as Class Representatives, and (4) designating Wolf Haldenstein Adler Freeman & Herz ("Wolf") as Class Counsel. For the following reasons, the Motion is granted.

**I. BACKGROUND**

**A. Facts**

Members of the proposed Class in this case are persons who were participants in or beneficiaries of the Aon Corporation ("Aon") 401(k) Savings Plan (the "Plan") from October 19, 1998 through October 19, 2004 (the "Class Period"), and whose accounts included investments in Aon common stock. Defendants include Aon, members of Aon's Administrative Committee,

1

members of Aon's Investment Committee, members of Aon's Board of Directors, Aon's former Chief Executive Officer and current Executive Chairman Patrick G. Ryan ("Ryan"), unnamed managers of Aon, and certain "Unknown Fiduciaries."

Plaintiffs either participated in, or were beneficiaries of, the Plan, which was designed to enable Aon's employees to obtain financial security for their retirement. The Plan was an "employee pension benefit plan," as defined by sections 3(2)(A) and 3(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1002(2)(A) and 1002(3). The Plan also purported to be an Employee Stock Ownership Plan ("ESOP"). An ESOP is an ERISA plan that invests primarily in "qualifying employer securities." 29 U.S.C. § 1107(d)(6)(A). The Plan had two separate components: contributions made by Plan participants, and matching contributions made by Aon. Through both Plan participant contributions and Aon's matching contributions (which were frequently made in the form of Aon stock), Plan participants accumulated significant amounts of Aon stock. In fact, Plaintiffs allege, more than 40% of the Plan's assets were invested in Aon during the Class Period.

Plaintiffs further allege that, during the Class Period, Aon engaged in business practices harmful to its clients and ultimately to Plan participants and beneficiaries. These alleged schemes can be described as "contingent commissions," "client steering," and "clawback arrangements." Aon ultimately publicly revealed these allegedly unethical and illegal schemes on October 14, 2004. By October 19, 2004, Aon's stock price had fallen more than 30%. As a result of this drop in Aon's overvalued stock price, Plaintiffs allege, the Plan and Plan participants and beneficiaries lost tens of millions of dollars.

2

Plaintiffs bring this action pursuant to section 502 of ERISA, 29 U.S.C. § 1132. The Consolidated Complaint alleges, *inter alia*, that Defendants breached their fiduciary duties to Plan participants and beneficiaries, in violation of sections 404 and 405 of ERISA, 29 U.S.C. §§ 1104 and 1105. Plaintiffs allege, *inter alia*, that Defendants overconcentrated Plan purchases of Aon stock, imprudently permitted the Plan to hold Aon stock, provided employer matching contributions in knowingly overvalued Aon stock, failed to provide Plan participants with complete and accurate information regarding risks associated with investing in the Plan, and failed to properly monitor the Plan and its fiduciaries. Consolidated Compl., ¶ 7.

**B. Procedural History**

Beginning on October 26, 2004, twelve class action suits were filed against Aon and various directors, officers and/or employees of Aon who were fiduciaries of the Plan, as defined by ERISA. On May 3, 2005, the court consolidated these actions and appointed Wolf as Interim Class Counsel. Plaintiffs filed their Consolidated Amended Class Action Complaint on August 22, 2005. On October 11, 2005, Defendants moved the court to dismiss this Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). The court denied this motion on April 12, 2006. On May 12, 2006, Plaintiffs filed their Motion for Class Certification. Defendants filed their Opposition to this Motion on July 31, 2006, and Plaintiffs filed their Reply on September 11, 2006. Plaintiffs' Motion for Class Certification is fully briefed and before the court.[1]

---

[1] The court recently certified a Class in the companion case of <u>Roth v. Aon</u>, 04 C 6835.

## II. DISCUSSION

### A. Standard of Decision

The court first notes that class actions are an efficient and appropriate means of dealing with cases in which plan participants and/or beneficiaries bring action against plan fiduciaries pursuant to ERISA. Class action suits are the preferred method of dealing with these cases because plan participants or beneficiaries may only bring action to remedy a breach of fiduciary duty in a representative capacity, on behalf of the plan itself. "ERISA grants no private right of action by a beneficiary *qua* beneficiary; rather, it accords beneficiaries the right to sue on behalf of the entire plan if a fiduciary breaches the plan's terms." Sokol v. Bernstein, 803 F.2d 532, 536 (9th Cir. 1986). In other words, where plan fiduciaries have not acted in the best interests of the plan,

> the recovery under § 502(a)(2) [of ERISA] inures to the benefit of the plan as a whole: 'A fair contextual reading of the statute makes it abundantly clear that its draftsmen were primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary.'

Kayes v. Pacific Lumber Co., 51 F.3d 1449, 1462 (9th Cir. 1995) (quoting Mass. Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 142 (1985)). A breach of fiduciary duty claim brought by plan participants or beneficiaries is therefore properly pursued as a class action. See Banyai v. Mazur, 205 F.R.D. 160, 165 (S.D. N.Y. 2002) ("Class actions are generally well-suited to litigation brought pursuant to ERISA.").

When considering a motion for class certification, the court must not address the merits of the case. "We find nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether

it may be maintained as a class action." Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177 (1974). "'In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met.'" Id. at 178 (quoting Miller v. Mackey International, 452 F.2d 424 (5th Cir. 1971)).

In order to demonstrate that class certification is appropriate in this case, Plaintiffs must satisfy all four requirements of Federal Rule of Civil Procedure 23(a). Williams v. Chartwell Fin. Servs., 204 F.3d 748, 760 (7th Cir. 2000); Johnson v. Mercury Fin Co., 189 F.R.D. 363, 367 (N.D. Ill 1999). These requirements are:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a); Williams, 204 F.3d at 760; Scholes v. Stone, McGuire & Benjamin, 143 F.R.D. 181, 183 (N.D. Ill. 1992). Plaintiffs must also demonstrate that one of the requirements of Rule 23(b) is satisfied. Williams, 204 F.3d at 760; Scholes, 143 F.R.D. at 183. In this case, Plaintiffs assert that the requirements of Rules 23(b)(1) and 23(b)(2) are satisfied. Under Rule 23(b)(1), a class may be certified if

> the prosecution of separate actions by or against individual members of the class would create a risk of (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

FED. R. CIV. P. 23(b)(1). Under Rule 23(b)(2), a class may be certified if "the party opposing the

class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." FED. R. CIV. P. 23(b)(2).

### 1. 23(a)(1): Numerosity

Plaintiffs need not "state with certainty the exact number of class members, [but] they are required to base their estimate on more than mere speculation." Fry v. UAL Corp., 136 F.R.D. 626, 630 (N.D. Ill. 1991) (citing Marcial v. Coronet Ins. Co., 880 F.2d 954 (7th Cir. 1989)). In cases involving nationally trades shares of stock, an estimate of the number of shares traded can satisfy the numerosity requirement. Fry, 136 F.R.D. at 630 (citing Zeidman v. J. Ray McDermott & Co., Inc., 651 F.2d 1030 (5th Cir. 1981)). Classes of twenty-five to fifty persons are sufficiently numerous to warrant certification. See Riordan, 113 F.R.D at 62 (indicating that a class of twenty-nine persons was sufficient); Helfand, 80 F.R.D. at 5 (a class of twenty-five to fifty persons was sufficient).

### 2. 23(a)(2)-(3): Commonality and Typicality

The commonality requirement is not difficult to meet. In fact, this requirement "has been characterized as a low hurdle, easily surmounted." Scholes, 143 F.R.D. at 185. The Seventh Circuit has indicated that "[t]he fact that there is some factual variation among the class grievances will not defeat a class action. A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." Rosario v. Livaditis, 963 F.2d 1013, 1017-18 (7th Cir. 1992) (internal citations omitted). In other words, this requirement is satisfied if there is a "common question which is at the heart of [the] case." Id. at 1018.

The typicality requirement is "closely related" to the issue of commonality. Id. "We have previously stated that a 'plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" Id. (quoting De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983)). Courts are directed to "liberally construe" the typicality requirement. Hochschuler v. G.D. Searle & Co., 82 F.R.D. 339, 344 (N.D. Ill. 1978). The class members' claims therefore need not be identical to meet this requirement. Scholes, 143 F.R.D. at 185.

### 3. 23(a)(4): Fairness and Adequacy of Representation

To satisfy the final requirement of Rule 23(a), "the representative parties [must] fairly and adequately represent the class." Rosario, 963 F.2d at 1018. This requirement breaks down into the following two components. First, "the class representative [should] not have interests antagonistic to those of the class." Scholes, 143 F.R.D. at 186; Rosario, 963 F.2d at 1018 ("A class is not fairly and adequately represented if class members have antagonistic or conflicting claims."). Second, the class representatives must be willing and able to "vigorously pursue the litigation on behalf of the class," and the attorneys they have chosen to represent the class must be "qualified, experienced and able to conduct the litigation." Scholes, 143 F.R.D. at 186.

### 4. 23(b)(1) and (2): ERISA Claims and "Plan-Wide Relief"

Claims in which plan participants or beneficiaries seek to recover on behalf of the plan itself are "particularly well-suited for Rule 23(b)(1) certification by virtue of the substantive law of ERISA." In re Williams Cos. ERISA Litigation, 231 F.R.D. 416, 424 (N.D. Okla. 2005).

> [G]iven the nature of an ERISA claim which authorizes plan-wide relief, there is a risk that failure to certify the class would leave future plaintiffs without relief.... There is also risk of inconsistent dispositions that would prejudice the defendants: contradictory rulings as to whether [defendant] had itself acted as a fiduciary, whether the individual defendants had, in this context, acted as fiduciaries, or whether the alleged misrepresentations were material would create difficulties in implementing such decisions.

In re Ikon Office Solutions, Inc., 191 F.R.D. 457, 466 (E.D. Pa. 2000) (citation omitted). Where plaintiffs bring claims "based on conduct by Defendants that is generally applicable on a class-wide basis," certification of a class pursuant to Rule 23(b)(2) is proper. In re Williams Cos., 231 F.R.D. at 425. This is so even where the relief sought by plaintiffs is primarily monetary in nature. See id.

## B. Plaintiffs' Motion for Class Certification

### 1. Defendants' objections to Plaintiffs' Motion for Class Certification

Defendants generally concede that the court should certify a Class pursuant to Rule 23(b)(1). Defendants assert, however, that because the proposed Class definition and the proposed list of Class Representatives includes individuals who are no longer Plan participants, all of these individuals lack standing to bring a claim on behalf of the Plan, and the proposed Class Representatives cannot meet the adequacy and typicality requirements of Rule 23(a). Defendants also argue that a Class should not be certified as to Count II of the Complaint (Breach of Fiduciary Duty to Provide Complete and Accurate Information), because each potential Class Member would have to demonstrate individualized proof of detrimental reliance on allegedly misleading communications from Defendants. Finally, Defendants assert that one proposed Class Representative has given false testimony under oath in this case, which renders him unsuitable to serve as a Class Representative.

The court will first address Defendants' assertion that certain proposed Class Members and Class Representatives lack standing to bring these claims. Defendants argue that because five of the proposed Class Representatives are no longer Plan participants, and because these individuals have taken final distributions from the Plan, these individuals no longer have standing to sue on behalf of the Plan. In addition, Defendants assert that former Plan participants who have taken final distributions from the Plan should not be a part of the Class at all.

Both of these arguments fail. The essence of Plaintiffs' Complaint is that Defendants' fiduciary breaches during the Class Period caused losses to the Plan. Assuming *arguendo* that Defendants have committed breaches of their fiduciary duty, and that these breaches indeed caused losses to the Plan, the amount of benefits former Plan participants and beneficiaries would have received when they accepted their final distributions from the Plan would have been diminished by the Defendants' breaches. If the Plaintiffs are ultimately successful in this suit, former Plan participants will be entitled to recover these lost funds. To hold that former Plan participants who have received final Plan distributions have no standing in this case would be to hold that these individuals have no right to sue, and therefore no right to this recovery. The court finds that such a holding would be contrary to the intent of ERISA. See 29 U.S.C. § 1001(b) (in enacting ERISA, Congress sought "to protect . . . the interests of participants in employee benefit plans and their beneficiaries . . . by establishing standards of conduct, responsibility, and obligation for fiduciaries of [such] plans," and by "providing for appropriate remedies, sanctions, and ready access to the Federal courts."). Moreover, to accept Defendants' argument would lead to the unsettling implication that Defendants could "exclude potential class members by simply paying them their vested benefits." See Rankin v. Rots, 220 F.R.D. 511, 519-20 (E.D. Mich.

9

2004). The court therefore determines that those potential Class Members and Class Representatives who have taken a final distribution from the Plan have standing in this case. See In re Williams Cos., 231 F.R.D. at 422 ("[s]ince any recovery from the Plan should be allocated to the accounts of the affected participants, including those . . . who have taken a distribution under the Plan, these Plaintiffs and others similarly situated retain a colorable claim to benefits sufficient to confer on them standing to sue under 502(a)(2) and (3) as participants.").

Defendants also assert that, as to Count II of the Complaint, which Defendants characterize as a "misrepresentation" count, a Class should not be certified because each Class Member would have to establish detrimental reliance on any allegedly misleading statements or omissions. This assertion is misguided. Plaintiffs appropriately bring this action in a representative capacity, seeking Plan-wide relief on behalf of the Plan itself. No issues relative to any individual Plaintiff are presented, and individual Plaintiffs are not required to establish detrimental reliance. Count II of the Complaint alleges that Defendants' failure to provide complete and accurate information regarding the financial condition of Aon damaged the Plan as a whole, and that this damage occurred notwithstanding the extent of any specific individual's reliance on or knowledge of any alleged misstatements or omissions by Defendants. See Sokol, 803 F.2d at 536.

Defendants also argue that one proposed Class Representative, James Fagan ("Fagan"), is an inappropriate Class Representative because he allegedly perjured himself while responding to Aon's First Set of Interrogatories. Defendants assert that Fagan deliberately failed to list his December 1998 personal bankruptcy filing when asked to catalogue any prior litigation in which he had been involved. However, Plaintiffs' counsel assert that this failure was a mere oversight

on Fagan's part, and have provided the court with deposition testimony in which Fagan supplemented his prior written discovery with a full and frank discussion of his bankruptcy case. There is therefore not enough evidence in the record for the court to find that Fagan gave willfully false answers to interrogatories. The court thus determines that Fagan is an appropriate Class Representative.

### 2. *Rule 23(a) and 23(b) factors*

It is undisputed that Plaintiffs satisfy the numerosity requirement of Rule 23(a). During the Class Period, thousands of current and former Aon employees were participants in or beneficiaries of the Plan. According to Aon's 2004 Form 5500, filed with the Internal Revenue Service, as of January 1, 2004, there were 32,445 Plan participants. It is also undisputed that Plaintiffs satisfy the commonality requirement of Rule 23(a). Plaintiffs have sufficiently alleged the following questions of law and fact that are common to the Class: (1) whether Defendants owed fiduciary duties to the Plan and members of the Class; (2) whether Defendants breached their fiduciary duties to the Plan and members of the Class by failing to act prudently and solely in the interests of the Plan's participants and beneficiaries; (3) whether Defendants violated ERISA; (4) whether Defendants provided Plan participants with complete and accurate information concerning the risks of investing in Aon stock; (5) whether Defendants adequately investigated and monitored the investment options offered by the Plan; (6) whether the Plan and members of the Class have suffered damages and, if so, the proper measure of those damages.

The court finds that Plaintiffs also satisfy the typicality requirement of Rule 23(a). The court has already determined that proposed Class Members and Class Representatives who were Plan participants during the Class Period, but have since taken final distributions of their Plan

11

assets, have standing in this case. These individuals, as well as all potential Class Members, are pursuing the same legal theory against Defendants: that Defendants breached their fiduciary duties with regard to investments of Plan assets in Aon stock during the Class Period, thereby causing the Plan as a whole to lose value. There is therefore no question as to whether the proposed Class Representatives' claims are typical of those of the Class Members. See De La Fuente, 713 F.2d at 232 ("a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.").

Plaintiffs also satisfy the fairness and adequacy of representation requirements of Rule 23(a). There is no dispute as to whether (1) the potential Class Representatives have interests antagonistic to potential Class Members, (2) whether the potential Class Representatives are willing and able to pursue this litigation on behalf of the Class, and (3) whether Wolf is qualified to conduct this litigation. See Scholes, 143 F.R.D. at 186.

In addition, Plaintiffs satisfy the requirements of Rule 23(b). First, under Rule 23(b)(1)(A), if the court were not to certify a class, the prosecution of separate actions by various Plaintiffs would create a risk of "inconsistent or varying adjudications with respect to individual members of the class . . . ." See FED. R. CIV. P. 23(b)(1); Ikon Office Solutions, 191 F.R.D. at 466; In re Williams Cos., 231 F.R.D at 425 ("we see a likelihood of similar lawsuits against defendants should this class be denied . . . . Inconsistent judgments concerning how the Plans should have been interpreted or applied would result in prejudice."). Second, under Rule 23(b)(1)(B), because Plaintiffs properly bring this action in a representative capacity on behalf of the Plan itself, "adjudications with respect to individual members of the class . . . would as a

12

practical matter be dispositive of the interests of other members not parties to the adjudications or [would] substantially impair or impede their ability to protect their interests." See FED. R. CIV. P. 23(b)(1)(B); Ikon Office Solutions, 191 F.R.D. at 466 ("given the nature of an ERISA claim which authorizes plan-wide relief, there is a risk that failure to certify the class would leave future plaintiffs without relief....").

Since the court has determined that Plaintiffs have satisfied all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(1), Plaintiffs' Motion for Class Certification is granted. See Williams, 204 F.3d at 760 (in order to grant a motion for class certification, a court must determine that all of the requirements of Rule 23(a) are satisfied, and that one of the requirements of Rule 23(b) is satisfied.). With an abundance of caution, however, the court also determines that Plaintiffs have satisfied the requirements of Rule 23(b)(2). The alleged breaches of fiduciary duty in this case have affected all of the Plan's participants and beneficiaries. Under Rule 23(b)(2), a class may be certified if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2); see also In re Williams Cos., 231 F.R.D. at 425. The court notes that Defendants' argument that a class should not be certified pursuant to Rule 23(b)(2) because Plaintiffs primarily seek monetary relief is unavailing. Monetary relief in a plan-wide action brought under ERISA section 502 is incidental, and flows from relief to the plan. See id. ("If Plaintiffs prevail and the Plan recoups its losses through the declaratory and injunctive relief sought by Plaintiffs, any consequential financial benefit to individual participants and beneficiaries would flow directly

and incidentally from the Plan's recovery."). The Class in this case shall therefore be certified under Rules 23(a), 23(b)(1), and 23(b)(2).

## C. Notice to the Class

Pursuant to Rule 23 (c)(2)(A), "[f]or any class certified under Rule 23(b)(1) or (2), the court may direct appropriate notice to the class." FED R. CIV. P. 23 (c)(2)(A). This case will adjudicate Plan participants' and beneficiaries' rights with respect to their retirement assets. These assets in all probability comprise a large percentage of these individuals' overall savings. The court can think of no reason to deprive these individuals of notice that they are now Class Members in this suit. Plaintiffs are therefore directed to provide Class Members with appropriate notice of the status of this suit, and of their membership in the Class.

## III. CONCLUSION

The court therefore determines that this action may proceed as a class action, and certifies the following Class in this case:

> all persons who were participants in or beneficiaries of the Aon Corporation 401(k) Savings Plan from October 19, 1998 through October 19, 2004, inclusive (the "Class Period"), and whose accounts included investments in Aon Corporation common stock. Excluded from the Class are the Defendants named in this action, Aon's Board of Directors throughout the Class Period, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which any Defendants have or had a controlling interest.

The court designates Mary A. Brewton, Akhil Chopra, James P. Fagan, Yassin Hamwi, Sheryl Kahn, James T. Kayfes, Jr., Alan Lubeck, Gil McDonald, Angela Shymko, Fred Stevens, Julie Urban, and Monica Young as Class Representatives. The court designates Wolf Haldenstein Adler Freeman & Herz as Class Counsel.

Pursuant to Rule 23(c)(2)(A), the court directs Plaintiffs to file a draft of their proposed notice form on or before December 20, 2006. Defendants may file any objections to this proposed notice form on or before January 17, 2007.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

Dated: November 29, 2006