UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARROLL SMITH, Individually and On Behalf of All Others Similarly Situated, ) ) ) Plaintiffs, ) ) v. ) ) AON CORPORATION, et al. ) ) Defendants. ) | Lead Case No. 04 C 6875 Honorable Charles R. Norgle |

**OPINION AND ORDER**

Before the court is Defendants' Motion for Entry of Protective Order Pursuant to Federal Rule of Civil Procedure 26(c). For the following reasons, the Motion is denied.

## I. BACKGROUND

### A. Facts

For the purposes of this Opinion, the court will briefly explain the essence of Plaintiffs' allegations in this case. For a fuller recital of the factual background to this dispute, see Smith v. Aon Corp., No 04 C 6875, U.S. Dist. LEXIS 27297 (N.D. Ill. April 12, 2006) (denying motion to dismiss). Plaintiffs are former employees of Defendant Aon Corporation ("Aon") or one of Aon's subsidiaries. Aon is a Delaware Corporation with its principle place of business in Chicago, Illinois. Aon itself, and through its subsidiaries, provides its clients with, *inter alia*, the following services: insurance brokerage, consulting, and insurance underwriting. Plaintiffs participated in Aon's 401(k) Savings Plan (the "Plan"), which was designed to enable Aon's employees to obtain financial security for their retirement. The Plan was an "employee pension

1

benefit plan," as defined by sections 3(2)(A) and 3(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1002(2)(A) and 1002(3). The Plan also purported to be an Employee Stock Ownership Plan ("ESOP"). An ESOP is an ERISA plan that invests primarily in "qualifying employer securities." Through both Plan participant contributions and Aon's matching contributions (which were frequently made in the form of Aon stock), Plan participants accumulated significant amounts of Aon stock. In fact, Plaintiffs allege, more than 40% of the Plan's assets were invested in Aon during the relevant time period. Plaintiffs further allege that, during the time period relevant to this case, Aon engaged in business practices harmful to both its clients, and ultimately to Plan participants. These alleged schemes can be described as "contingent commissions," "client steering," and "clawback arrangements." After these alleged schemes were publicly revealed, Aon's stock price dropped precipitously, and the Plan and Plan participants and beneficiaries allegedly lost tens of millions of dollars.

## B. Procedural History

Plaintiffs filed their Consolidated Amended Class Action Complaint on August 22, 2005. Plaintiffs bring this action pursuant to section 502 of ERISA, 29 U.S.C. § 1132. The Consolidated Complaint alleges, *inter alia*, that Defendants breached their fiduciary duties to Plan participants and beneficiaries, in violation of sections 404 and 405 of ERISA, 29 U.S.C. §§ 1104 and 1105. Plaintiffs allege, *inter alia*, that Defendants overconcentrated Plan purchases of Aon stock, imprudently permitted the Plan to hold Aon stock, provided employer matching contributions in knowingly overvalued Aon stock, failed to provide Plan participants with complete and accurate information regarding risks associated with investing in the Plan, and failed to properly monitor the Plan and its fiduciaries. Consolidated Compl., ¶ 7.

On October 11, 2005, Defendants moved the court to dismiss this Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). The court denied this motion on April 12, 2006. On May 12, 2006, Plaintiffs filed their Motion for Class Certification. The court granted this motion on November 29, 2006. Smith v. Aon Corp., 04 C 6875, 2006 U.S. Dist. LEXIS 87661 (N.D. Ill. Nov. 29, 2006).

Defendants filed their instant Motion, for Entry of Protective Order Pursuant to Federal Rule of Civil Procedure 26(c), on May 5, 2006. Plaintiffs filed their response in Opposition to this Motion on May 22, 2006. Defendants filed their Reply on May 31, 2006. The Motion for Protective Order is fully briefed and before the court.

## II. DISCUSSION

### A. Standard of Decision

Courts have long recognized the important role discovery plays in preparation for trial. "The various instruments of discovery now serve (1) as a device . . . to narrow and clarify the basic issues between parties, and (2) as a device for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues." Hickman v. Taylor, 329 U.S. 495, 500 (1947). Federal Rule of Civil Procedure 26(b)(1) provides for a liberal scope of discovery: "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence;" see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (noting the "flexible" and "liberal" nature of contemporary discovery standards); In re Folding Carton Antitrust Litigation, 83 F.R.D. 251, 254 (N.D. Ill. 1978) ("'A request for discovery should be considered relevant if there is any

3

possibility that the information sought may be relevant to the subject matter of the action.'") (quoting 8 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 2008, at 46-47).

Despite modern liberal discovery standards, the Federal Rules provide that courts may issue Protective Orders limiting discovery in certain circumstances. "Upon motion by a party or by the person from whom discovery is sought . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." FED. R. CIV. P. 26(c). In order to establish "good cause" for the issuance of a protective order under Rule 26(c), "'courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 (1981) (quoting 8 WRIGHT & MILLER § 2035, at 265). Courts generally "look unfavorably upon significant restrictions placed upon the discovery process." Meyer v. S. Pac. Lines, 199 F.R.D. 610, 611 (N.D. Ill. 2001). The party opposing the discovery request therefore has the burden "to show why a particular discovery request is improper." Id. at 612.

## B. Defendants' Motion for a Protective Order

What Plaintiffs seek in the discovery requests in dispute are documents and testimony regarding Aon Consulting's general principles and systemic approach to pension plan consulting or related consulting services. Plaintiffs assert that documents such as manuals, policies, protocols, white papers, and presentations serve as the basic framework for Aon's provision of pension and benefits consulting services. In their Motion, Defendants assert that these discovery requests are inappropriate, and that Plaintiffs should therefore not be permitted to take such discovery. Defendants assert that these discovery requests are inappropriate because they (1) are

4

not relevant to any of the claims or defenses of any party to this litigation; (2) are not reasonably calculated to discover information relevant to any claim or defense of any party; and (3) are "grossly overbroad and would place an undue burden and expense upon the defendants." Mot. for Entry of Protective Order, at 3-4.

The court finds that Defendants have not met their burden of showing that these discovery requests are improper. See Meyer, 199 F.R.D. at 612. Plaintiffs assert, and the court agrees, that (1) Aon Consulting is an integral part of Aon and its business; (2) Aon Consulting's approach to pension or retirement plans and ERISA compliance are clearly relevant to the issues in this case; and (3) the discovery requests at issue are not unduly burdensome or invasive.

Under Rule 26(b)(1), the documents and testimony Plaintiffs seek are relevant, as this evidence could tend to demonstrate that Defendants were aware of their obligations under the Plan, but ignored the very advice Aon Consulting gave to others. The court finds that the general practices and procedures of Aon Consulting in the areas of, *inter alia*, evaluation of benefit plans, retirement consulting, and the design and administration of retirement plans, are relevant to the issue of Defendants' alleged breaches of fiduciary duty. At a minimum, there is a reasonable probability that the discovery at issue would lead to other admissible evidence. See FED R. CIV. P. 26(b)(1); Folding Carton Litigation, 83 F.R.D. at 254.

Moreover, the discovery Plaintiffs seek is not overly broad or unduly burdensome. This is a complex case, involving the administration of retirement Plans for potentially thousands of employees. It is not surprising that discovery in such a case would involve the production of large amounts of documents, and other evidence. Defendants have "made no factual showing that discovery here is any more burdensome than is typical in responding to discovery requests in

complex cases." See Schachar v. Am. Acad. of Opthalmology, Inc., 106 F.R.D. 187, 190 (N.D. Ill. 1985).

In short, Defendants have not convinced the court that Plaintiffs' discovery requests are inappropriate. See Meyer, 199 F.R.D. at 611-12. Discovery is to be freely and liberally granted in federal civil litigation. Swierkiewicz, 534 U.S. at 512; Oppenheimer Fund v. Sanders, 437 U.S. 340, 350 (1978) (explaining that the concept of "relevance" in the context of discovery "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, *any issue that is or may be in the case*.") (emphasis added). The issues that Plaintiffs seek to explore through the discovery requests at issue are clearly "relevant" on this standard, and the court will therefore not prohibit Plaintiffs from taking this discovery.[1]

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Entry of Protective Order Pursuant to Federal Rule of Civil Procedure 26(c) is denied.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

Dated: Feb. 8, 2007

---

[1] Plaintiffs assert that they do not seek confidential client information, and, at any rate, Plaintiffs have indicated that Defendants are free to redact client specific information from any documents turned over.