UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AON ERISA LITIGATION | Master Docket No. 04 C 6875 <br><br> Judge Charles R. Norgle |

## ORDER REGARDING ATTORNEYS' FEES, COSTS, AND NAMED PLAINTIFF AWARDS

This litigation involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), with respect to Aon Corporation's 401(k) Savings Plan (the "Plan").[1]

This matter came before the Court for a hearing pursuant to the Order of this Court entered on April 26, 2010, on the application of the parties for approval of the Settlement set forth in the Class Action Settlement Agreement (the "Settlement Agreement"), executed by counsel on April 8, 2010 on behalf of the Parties. Due and adequate notice having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all members of the Class.

2. Class Counsel is hereby awarded attorneys' fees in the amount of 12.5% of the Settlement Fund, which the Court finds to be fair and reasonable, and $723,391.47 in

---

[1] Capitalized terms not otherwise defined in this order shall have the same meaning as ascribed to them in the Settlement Agreement.

reimbursement of Class Counsel's reasonable expenses incurred in prosecuting the Action. The attorneys' fees and expenses so awarded shall be paid out of the Settlement Fund, pursuant to the terms of the Settlement Agreement, with interest on such amounts from the date the Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. All fees and expenses paid to Class Counsel shall be paid pursuant to the timing requirements described in the Settlement Agreement. The award of attorneys' fees shall be allocated by Wolf Haldenstein Adler Freeman & Herz, as Class Counsel, in a manner which, in its sole discretion, Class Counsel determines fairly compensates all other Named Plaintiffs' counsel for their respective contributions to the prosecution of the Action.

3. The Named Plaintiffs are hereby each awarded incentive awards in the amount of $5,000. The incentive awards shall be paid from the Settlement Fund pursuant to the terms of the Settlement Agreement.

4. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, and the incentive awards to the Named Plaintiffs, the Court has considered and found that:

(a) The Settlement achieved as a result of the efforts of Class Counsel has created a Settlement Fund of $1,800,000 in cash that is already on deposit, plus interest thereon, as well as certain non-monetary benefits, and will benefit thousands of Class members;

(b) In accordance with the Court's Preliminary Approval Order, over 60,000 copies of the Class Notice were disseminated to Class members, and Summary Notice was published in *USA Today*. The Class Notice and Summary Notice informed Class Members that Class Counsel were moving for attorneys' fees in the amount of up to 15% of the Settlement

Fund, for reimbursement of litigation expenses from the Settlement Fund of up to $800,000, and for compensation awards to the Named Plaintiffs of up to $5,000 each.

(c) Class Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d) The Action involves complex factual and legal issues prosecuted over several years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e) Had Class Counsel not achieved the Settlement, there would remain a significant risk that the Named Plaintiffs and the Class may have recovered less or nothing from the Defendants;

(f) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases;

(g) The Named Plaintiffs rendered valuable service to the Plan and to all Plan Participants. Without this participation, there would have been no case and no settlement.

SO ORDERED this 15th day of September, 2010.

_____
CHARLES R. NORGLE, SR.
UNITED STATES DISTRICT JUDGE